**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Ernesto MARANJE**
**Machinery Technician Second Class (E-5), U.S. Coast Guard**

**CGCMS 24460**

**Docket No.  1350**

**11 May 2012**

Special Court-Martial convened by Commanding Officer, Coast Guard Naval Engineering Support Unit Alameda.  Tried at Alameda, California, on 24-25 January 2011.

| | |
|---|---|
| Military Judge: | CDR Benes Z. Aldana, USCG |
| Trial Counsel: | LT Michael J. Meyer, USCGR |
| Assistant Trial Counsel: | LCDR Jowcol I. Viña, USCG |
| Defense Counsel: | LT Robert E. Burk, JAGC, USN |
| Appellate Defense Counsel: | LCDR Paul R. Casey, USCG |
| | LT Lynn A. Buchanan, USCGR |
| Appellate Government Counsel: | LCDR Vasilios Tasikas, USCG |

**BEFORE**
**McCLELLAND, JOHNSON & DUIGNAN**
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully using marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ).  Contrary to his pleas of not guilty, Appellant was convicted of one specification of conspiring to wrongfully use oxycodone[1], in violation of Article 81, UCMJ; and one specification of wrongfully using cocaine, one specification of wrongfully distributing cocaine, one specification of wrongfully using oxycodone, a Schedule II controlled substance, and one specification of wrongfully introducing oxycodone, a Schedule II controlled substance, into an installation of the

---

[1] The promulgating order recites a conspiracy to use cocaine, but this is erroneous and calls for correction.

armed forces, all in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, reduction to E-1, and confinement for seven months.  The Convening Authority approved the sentence as adjudged, and suspended confinement in excess of ninety days in accordance with the pretrial agreement.

Before this Court, Appellant has assigned the following errors:

I.  The evidence in support of Appellant's convictions for wrongfully using cocaine and for wrongfully distributing cocaine is legally and factually insufficient.

II. The evidence in support of Appellant's convictions for wrongfully conspiring to use oxycodone, and for wrongfully using oxycodone and wrongfully introducing oxycodone onto an armed forces installation, is legally and factually insufficient.

Appellant notes that evidence of the identities of the substances involved was limited to testimony of lay witnesses, and argues that the testimonial evidence offered was insufficient in the absence of corroboration by chemical analysis of a substance or of Appellant's hair or urine.  He further argues that the several witnesses' testimony conflicted on various facts, and the critical witnesses had motives to lie and other impairments to their credibility, so that significant reasonable doubt exists as to all of the contested specifications.  We disagree.  We find the evidence sufficient as a matter of law, and we are convinced of Appellant's guilt.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.  The Convening Authority shall issue a new promulgating order correctly reporting the conspiracy specification of which Appellant was convicted.



For the Court,

Andrew R. Alder
Deputy Clerk of the Court